# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Judy A. Hockbein, | Civil No. 17-5224 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Pine County; and Denise Christiansen and Jami Tuve, Pine County employees, in their individual and official capacities, | |
| Defendants. | |

Zorislav R. Leyderman, Esq., The Law Office of Zorislav R. Leyderman, counsel for Plaintiff.

Margaret A. Skelton, Esq., and Timothy S. Christensen, Esq., Ratwik, Roszak & Maloney, P.A., counsel for Defendants.

## INTRODUCTION

Plaintiff Judy Hockbein sued Pine County ("County") and two Pine County probation office employees ("Individual Defendants"), alleging violations of her Fourth and Fourteenth Amendment rights as well as malicious prosecution and negligence under state common law. This matter is before the Court on Defendants' motion for judgment on the pleadings. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

In 2016, Hockbein was charged with disorderly conduct in Pine County, Minnesota, for which she was sentenced to six months unsupervised probation and payment of $100 in court costs. (Doc. No. 1 ("Compl.") ¶¶ 10-11.) Hockbein's probation was set to expire on June 12, 2017. (*Id.* ¶ 11.) The sentencing order directed Hockbein to pay $100 within six months, *i.e.* June 12, 2017. Defendant Christiansen, a Pine County Probation employee, also sent two letters to Hockbein detailing the conditions of Hockbein's unsupervised probation. (Doc. No. 21 ("Christiansen Aff.") ¶ 3, Ex. 2; ¶ 4, Ex. 3; *see also* Compl. ¶¶ 12-13.) Both letters specifically stated that Hockbein must pay $100 by June 12, 2017. Neither letter indicated that Hockbein needed to fulfill any part of that financial obligation before June 12, 2017.

As of May 2017, Hockbein had not satisfied the financial obligation of her probation. Pine County Probation Policy 5-610 states that "[v]iolation reports should be filed 60 days prior to expiration of probation." (Christiansen Aff. ¶ 5, Ex. 4.) Consequently, on May 17, 2017, Christiansen and Tuve filed a Probation Violation Report concerning Hockbein with the Pine County District Court (the "PVR"). (Compl. ¶ 19; Christiansen Aff. ¶ 6, Ex. 5.) In a section titled "**ALLEGED VIOLATION**," the PVR stated: "1. Failure to pay court ordered fine," and "2. Failure to cooperate with probation." (*Id.* (emphasis in original).) The PVR further stated:

> The defendant was sentenced on 12/12/2016 and given a stay of adjudication with the condition of paying 100 dollars in court costs. A letter was sent to the defendant on 4/13/17 reminding her of outstanding conditions. As of today no contact has been made with probation and no payment has been made.

(*Id.*)  Christiansen and Tuve also filed a Proposed Probation Violation Summons or Warrant.  (Christiansen Aff. ¶ 7, Ex. 6.)  On May 19, 2017, the Honorable Krista Martin, Pine County District Judge, summoned Hockbein to appear at a June 23, 2017 hearing to respond to the PVR.  (Compl. ¶ 21; Christiansen Aff. ¶ 8, Ex. 7 ("Summons").)  Although the Summons was addressed to the same address at which Hockbein received Christiansen's earlier letters, Hockbein denies receiving the Summons.  (*Id.*)

On June 8, 2017, Hockbein made a $200 payment to Pine County Court Administration over the telephone.  (Compl. ¶ 15; Christiansen Aff. ¶ 9, Ex. 8.)  The payment is reflected on Hockbein's court file, No. 58-CR-16-614, and Receipt No. 0058-2017-00857 was issued for it.  (Christiansen Aff. ¶ 9, Ex. 8.)  At the end of her unsupervised probation on June 12, 2017, Hockbein had satisfied all the conditions of her unsupervised probation.  (Compl. ¶ 15.)  Hockbein was not aware, however, of the PVR and Summons.  (*Id.*)

On June 23, 2017, the Honorable Heather Wynn, Pine County District Judge, held a hearing concerning the PVR, but Hockbein did not appear.  (Compl. ¶ 22; Doc. No. 22 ("Skelton Aff.") ¶ 2, Ex. 1.)  Following the hearing, Judge Wynn issued a warrant for Hockbein's arrest because "[o]n 06/23/2017, [Hockbein] failed to obey the order/summons of the court to appear for Probation Violation Hearing."  (Compl. ¶ 22; Christiansen Aff. ¶ 10, Ex. 9.)  Consequently, on July 16, 2017, White Bear Lake Police arrested Hockbein after a traffic stop and transported her to the Ramsey County jail.  (Compl. ¶¶ 23-24.)  Hockbein, who had never been arrested, was strip-searched, booked

into the Ramsey County jail, and spent the night in a cell with an inmate undergoing heroin withdrawal. (*Id.* ¶¶ 23-30.) The Pine County Sheriff's Office transported Hockbein to the Pine County jail the next day, where she was again detained overnight. (*Id.* ¶ 32.)

On July 18, 2017, when Hockbein appeared before the Honorable Jonathan Jasper, Pine County District Judge, the prosecutor explained that Hockbein had satisfied her financial obligations on June 8, 2017—four days before the deadline established by her sentencing order—and requested that Judge Jasper dismiss the probation violation and close the file. (*Id.* ¶ 33; Skelton Aff. ¶ 3, Ex. 2.) Judge Jasper did so and ordered that Hockbein be released immediately. (*Id.*) Hockbein was transferred back to the Pine County jail and released shortly thereafter. (Compl. ¶ 33.)

On November 27, 2017, Hockbein filed a complaint under 42 U.S.C. § 1983 and state common law, alleging that Pine County and Pine County Probation Office employees Denise Christiansen and Jami Tuve (collectively, "Defendants") violated her Fourth and Fourteenth Amendment rights, committed malicious prosecution, and were negligent in investigating her probation violation. (*Id.* ¶¶ 36-56.)[1] As a result, Hockbein alleges that she suffered loss of freedom and liberty, severe emotional trauma and distress, nightmares, general fear and insecurity, fear of driving, fear of leaving the house, stress, anxiety, depression, shame, humiliation, embarrassment, invasion of privacy,

---

[1] Hockbein's Complaint also brought five claims against Ramsey County and Correctional Officer J. Doe ("Counts 6-10"). On January 31, 2018, upon stipulation by the parties, the Court ordered dismissal of Ramsey County and Correctional Officer J. Doe, and dismissal with prejudice of Counts 6-10. (Doc. No. 15.)

damage to her reputation, lost wages, and future medical expenses associated with these harms. (Compl. ¶ 35.) Defendants now move for judgment on the pleadings.

## DISCUSSION

I.  **Legal Standard**

A party may move for judgment on the pleadings at any point after the close of the pleadings, so long as it moves early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *See Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)). The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6). *See id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must

5

contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Qualified Immunity

Defendants Christiansen and Tuve assert that they are entitled to qualified immunity, because, they claim, Hockbein has not alleged facts sufficient to support a clearly established Fourth or Fourteenth Amendment violation. Judgment on the pleadings under Rule 12(c) is appropriate if Defendants "are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642-45 (8th Cir. 2017) (affirming dismissal under Rule 12(b)(6) where plaintiff "fail[ed] to state a plausible claim for a[] [constitutional] violation").

The doctrine of qualified immunity protects state actors from civil liability when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The defense provides "ample room for mistaken judgments" as it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986). To overcome the defense of qualified immunity, a plaintiff must show that: (1) the facts alleged in the complaint demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established

6

at the time of the deprivation. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citation omitted). The Court has discretion to decide which qualified immunity prong to consider first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

      A.      **Fourth Amendment Claim**

The Court first considers whether the facts alleged in the Complaint demonstrate that Defendants' actions deprived Hockbein of her Fourth Amendment rights. Hockbein argues that Defendants violated her Fourth Amendment rights "when they, under penalty of perjury, deliberately and/or recklessly included false statements and/or omitted truthful statements in their probation violation report." (Compl. ¶ 37.) "A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment. . . . An official who causes such a deprivation is subject to § 1983 liability." *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996). In *Bagby*, the Eighth Circuit Court of Appeals observed that submission of a false and misleading affidavit in support of an arrest warrant could result in the deprivation of the arrestee's Fourth Amendment rights. *Id.* at 1097-99.

Here, the Individual Defendants' submission of the PVR did not result in Hockbein's arrest. Instead, the PVR triggered a summons. But a summons alone does not constitute a Fourth Amendment seizure. *See, e.g.*, *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010) ("[A] pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure" when the "summons does no more than require [the individual] to appear in court on a single occasion"); *Bielanski v. Kane Cty.*, 550 F.3d 632, 642 (7th Cir. 2008)

7

("No court has held that a summons alone constitutes a seizure, and we conclude that a summons alone does not equal a seizure for Fourth Amendment purposes."); *Becker v. Kroll*, 494 F.3d 904, 915 (10th Cir. 2007) (declining to extend Fourth Amendment liability "in cases where the plaintiff has not been arrested or incarcerated"). The summons in this case required Hockbein to appear at a probation-revocation hearing scheduled for a date after her probation was set to expire. It did not authorize her arrest or detention. Instead, the only Fourth Amendment seizure Hockbein experienced was a result of Judge Wynn issuing a warrant for Hockbein's arrest because "[o]n 06/23/2017, [Hockbein] failed to obey the order/summons of the court to appear for Probation Violation Hearing." (Compl. ¶ 22; Christiansen Aff. ¶ 10, Ex. 9.) In short, the PVR did not deprive Hockbein of her Fourth Amendment right to be free from unreasonable seizure.

The facts alleged by Hockbein, accepted as true, do not plausibly show that Defendants violated Hockbein's Fourth Amendment rights. Accordingly, the Individual Defendants are entitled to qualified immunity on Count 1.

### B. Fourteenth Amendment Claim

The Court next considers whether the facts alleged in the Complaint demonstrate that Defendants' actions deprived Hockbein of her Fourteenth Amendment right to substantive due process. Hockbein's reckless-investigation claim is that the Individual Defendants deprived her of her Fourteenth Amendment due process rights when they "knowingly submitted a false and misleading probable cause statement." (Doc. No. 30 at 23.) To prevail on a claim for reckless investigation, a plaintiff must show that an

8

officer's actions "shock the conscience." *Amrine v. Brooks*, 522 F.3d 823, 833-34 (8th Cir. 2008) (citation omitted). However, "[n]egligent failure to investigate does not violate due process." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007); *see also Clemmons v. Armontrout*, 477 F.3d 962, 966-67 (8th Cir. 2007). The "recklessness standard has a subjective component." *Amrine*, 522 F.3d at 834.

The allegations, however, do not indicate that Christiansen or Tuve coerced or threatened Hockbein, that they purposely ignored exculpatory evidence, or that there was systemic pressure to find that Hockbein had committed any probation violations. *See Amrine*, 522 F.3d at 835 (examples of reckless investigations). Rather, the Individual Defendants' statements in the PVR were accurate, albeit somewhat misleading. Specifically, the PVR, which was completed on May 17, 2017, indicated that "as of today, no contact has been made with probation and no payment has been made" and that probation was not set to expire until June 12, 2017. Although the PVR recommends a summons issue, these accurate statements fail to establish the requisite subjective component and permit at most an inference of negligence. The Court therefore concludes that Hockbein has failed to plausibly allege that the Individual Defendants were reckless or that their actions shock the conscience in completing the PVR. Consequently, the Individual Defendants are entitled to qualified immunity on Hockbein's Fourteenth Amendment reckless-investigation claim.

Even accepting as true all the allegations in the Complaint, and even construing all reasonable inferences from those facts in the light most favorable to Hockbein, Defendants did not violate Hockbein's constitutional rights. The Court therefore does not

need to address the "clearly established" prong of the qualified immunity test. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (affirming "that lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first" and cautioning courts to not expend "scarce judicial resources" on addressing issues that "will have no effect on the outcome of the case") (internal quotation marks and citation omitted); *Kulkay*, 847 F.3d at 642 ("Because an official is entitled to qualified immunity unless both prongs are satisfied, our analysis will end if either of the two is not met.").

Based on the foregoing, the Court concludes that Defendants are entitled to qualified immunity on the Section 1983 claims. The Court therefore grants Defendants' motion for judgment on the pleadings with respect to Counts 1 and 2 of the Complaint.

## III. Section 1983 Claims Against Pine County

Hockbein claims that Pine County violated her Fourth and Fourteenth Amendment rights because it: (1) "developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons prosecuted in Pine County; (2) "inadequately supervise[d] and train[ed] its employees, including the Individual Defendants; and (3) "had a policy and/or practice and/or custom of unlawfully filing false probation violation reports and allegations under penalty of perjury in court." (Compl. ¶¶ 43-45.)

Under Minnesota law, "a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Mettler v. Whitledge*, 165 F.3d 1197, 1204

10

(8th Cir. 1999) (applying Minnesota law). To be successful on a Section 1983 claim, a plaintiff must show "that the municipal policy was the 'moving force [behind] the constitutional violation. *Russell v. Hennepin Cty.*, 420 F.3d 841, 848 (8th Cir. 2005) (quoting *Mettler*, 165 F.3d at 1204). Hockbein contends that Pine County Probation Policy 5-610 was the moving force behind her arrest and detention. The Court disagrees.

"Municipalities cannot be held liable under § 1983 . . . 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Id.* (quoting *Kuha v. City of Minnetonka*, 365 F.3d 590, 603 (8th Cir. 2003). Here, the policy states that "[v]iolation reports should be filed 60 days prior to expiration of probation." (Christiansen Aff. ¶ 5, Ex. 4.) Such a policy arguably creates confusing scenarios such as the one in this case, where a PVR is accurate, but misleading in suggesting that there may be a probation violation at the time probation is set to expire. It is easy to see how the policy could lead to the confusion of judges, attorneys, probation officers, and probationers.

Nevertheless, although the policy may be flawed, it is not unconstitutionally flawed. Ultimately, the policy triggered a summons to appear. And contrary to Hockbein's argument, under the Minnesota Rules of Criminal Procedure, it could not have triggered an arrest warrant rather than a summons. *See* Minn. R. Crim. P. 27.04, subd. 1(b) ("The court must issue a summons unless the court believes a warrant is necessary to secure the probationer's appearance or prevent harm to the probationer or another. If the probationer fails to appear on the summons, the court may issue a warrant."). As stated previously, a summons does not constitute a seizure for Fourth

11

Amendment purposes. *See Burg*, 591 F.3d at 98. In short, Pine County Probation Policy 5-610 and the County's implementation of it are not an unconstitutional policy or custom.[2]

Even accepting all of Hockbein's allegations as true, and even construing all inferences in her favor, the Court concludes that Pine County is entitled to judgment on Count 3.

## IV. State-Law Claims

The Court's subject-matter jurisdiction in this action is premised on the existence of a federal claim—namely, the Section 1983 constitutional claims. (*See* Compl. ¶ 3.) Jurisdiction over Hockbein's malicious-prosecution and negligence claims exists solely by virtue of the supplemental-jurisdiction statute, 28 U.S.C. § 1367, which provides jurisdiction over state-law claims forming part of the same "case or controversy" as federal claims. The Court has discretion, however, whether to exercise supplemental discretion. Where all federal claims have been dismissed prior to trial, the factors to be considered in deciding whether to exercise such jurisdiction—judicial economy, convenience, fairness, comity, and predominance of state issues—typically militate against doing so. *E.g.*, *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *accord*, *e.g.*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense,

---

[2] Even so, given the risk of confusion created by the policy, as noted above, the Court observes that perhaps it would be wise for Pine County Probation to consider refining the language of the policy.

the state claims should be dismissed as well."). Here, the Court finds that those factors weigh against the exercise of supplemental jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Hockbein's malicious-prosecution and negligence claims, and it will dismiss those claims without prejudice.

## CONCLUSION

The Court concludes that the Individual Defendants are entitled to qualified immunity on Counts 1 and 2 because Hockbein has failed to show that the Individual Defendants deprived her of her Fourth or Fourteenth Amendment rights. The Court further concludes that Pine County is entitled to judgment on Count 3 because its probation policy is not unconstitutional on its face or in practice. Absent federal claims, the Court declines to exercise supplemental jurisdiction on Hockbein's state-law claims and dismisses those without prejudice.

Although there is no constitutional violation here, the Court observes that Pine County Probation Policy 5-610 may have the tendency to sow confusion and yield future problems for public officials and probationers alike. Indeed, Hockbein does not have viable constitutional claims, but the Court acknowledges that her experience borders on injustice. The Court encourages the parties to discuss remedies and options for avoiding further litigation. To that end, although the case is no longer before the Court, the Court will nevertheless make itself available in the event that the parties wish to engage in mediation or settlement discussions.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. No. [18]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Counts 1 through 3 of the Complaint are **DISMISSED WITH PREJUDICE**.

2. Counts 4 and 5 of the Complaint are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 8, 2019
                                                 s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge